PATTEE PLOW Co. *v.* KINGMAN and others.[1]

*(Circuit Court, E. D. Missouri.* March 2, 1885.)

1. PATENTS—NOVELTY.

Letters patent No. 187,899, issued to J. H. Pattee, February 27, 1877, for an improvement in cultivators' axles, are void for want of novelty.

2. SAME—UNDUE EXPANSION OF ORIGINAL CLAIM.

The second claim of J. H. Pattee's reissued patent No. 6,080, for an improvement in cultivators, expands the original patent beyond legal limits, and is void.

3. SAME—INFRINGEMENT.

Letters patent No. 174,684, issued to T. W. Kendall, March 14, 1876, for a pivoted runner attached to a cultivator, is not infringed by a jointed runner which cannot be kept out of contact with the ground by the draught of the team.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

In Equity.

This is a suit for the alleged infringement of four patents owned by the complainants, viz.:   Letters patent No. 138,148, issued to J. H. Pattee, January 21, 1873; reissue No. 6,080, dated October 6, 1874, and being a reissue of original patent No. 124,218, issued to J. H. Pattee, March 5, 1872; original patent No. 174,684, issued to T. W. Kendall, March 14, 1876; and original patent No. 187,899, issued to J. H. Pattee, February 27, 1877,—all for improvements in cultivators. Patent No. 135,148 was left out in making up the proofs, so that the case stood for hearing on the other three.

Reissue No. 6,080 is for an improvement in tongueless cultivators. The second claim, which is the only one here in question, is as follows: ·

"The axle, A, hinged to the wheel spindle or draught plate, B, B, so that the wheels are retained in the line of progression by the draught of the animals, when one is in advance of the other, substantially as described, and for the purpose specified."

Complainant's counsel urged that this second claim is the same as the first claim of the original patent, which is as follows:

"The axle, A, having plates, B, hinged to the wheel spindle plates, C, so that the wheels are retained in the line of progression when one is in advance of the other, as set forth."

On the part of the defense it was insisted that this second claim had been enlarged by the omission of the plates, B, so as to make the peculiar axle, any axle, and that the operation stated in the claim was changed, if not defeated, by the insertion in the reissue specification of the words, "The draught animals may be attached *direct* or by any suitable device," the direct hitch leaving either or both wheels to get out of the line of progression.   In complainant's machine the beams are attached to the draught-plates, C, of the original patent, which became the draught-plates, B, of the reissue.   The defendant's machine had the direct hitch, with the draught-plates at the extreme sides of the machine, and the plow-beams attached to the horizontal portions of the axle.   The description in the reissue was more in accordance with the construction of the machine shown in the 1873 patent, which was dropped out, than it was in accordance with the original, so far as the devices of this claim are concerned, thus leaving, as was contended, the claim enlarged by omissions from the original claim, and by additions to the specification.

Infringement was also claimed as to the first and second claims of the Kendall patent, which were for runners pivoted to the wheel spindles or axle, so as to be held out of contact with the ground by the draught of the team when the machine was used for field operations, and to be held in contact with the ground when the plows were suspended from the axle for transportation.   The defendant's machine was provided with hinged runners, which were folded up by

hand for field operations, and folded down and locked for transportation.

The Pattee patent, No. 187,899, is for a method of constructing the arch in parts, which construction was shown to be old in coupling-yokes for cultivator beams, in trusses, and various other devices.

*John R. Bennett* and *George Harding*, for complainant.

*West & Bond*, for defendants.

TREAT, J. Reissued patent 6,080 of 1874, second claim of which is under consideration, has, as to that claim, expanded the original beyond legal limits. Therefore said reissued patent is void to the extent claimed, wherein the defendant is alleged to have infringed.

2. As to Kendall patent No. 174,684 there is no infringement.

3. As to Pattee patent of 1877, No. 187,899, said patent is void, there being no novelty of invention therein that is patentable.

Bill dismissed, with costs.